

FILED
JAN 0 4 2011

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY M. ENGELS and<br>LARRY A. JERDE,<br><br>Defendants. | CR 11-10001<br><br>INDICTMENT<br><br>Conspiracy to Defraud the United States (Klein Conspiracy); Tax Evasion; Filing False Tax Returns; Structuring Currency Transactions<br><br>18 U.S.C. § 371; 26 U.S.C. §§ 7201, 7206; 31 U.S.C. § 5324(a)(3) |

The grand jury charges:

### COUNT 1.

**Engels and Jerde
Conspiracy to Defraud the United States
18 U.S.C. § 371**

**The Conspiracy**

From on or about approximately March 1, 2005, until and including approximately December 31, 2007, all dates approximate and inclusive, in the District of South Dakota and elsewhere, Defendant Timothy M. Engels and Defendant Larry A. Jerde did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other and with other individuals both known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating

the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to-wit, income taxes.

**Parties, Persons, and Entities**

At all relevant times:

Defendant Timothy M. Engels was the owner of The Harbor Bar in Watertown, South Dakota. Defendant Larry A. Jerde is a certified public accountant in Watertown, South Dakota. The Harbor Bar was organized as an S Corporation. Engels was the 100% shareholder in the corporation, and therefore, all income to The Harbor Bar passed directly to Engels for tax purposes. Jerde prepared both personal and business tax returns for Engels.

**Manner and Means By Which the Conspiracy was Carried Out**

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

In the corporate tax returns Jerde prepared and Engels filed for tax years 2004 through 2006, Engels claimed false cost of goods sold expenses for each year. By including these false expenses, the taxable income and corresponding tax due and owing was thereby reduced for each year. Because the income for The Harbor Bar passed directly to Engels, the fictitious expenses on the corporate returns had the additional effect of falsely lowering the income reported on Engels' personal returns.

Jerde also made or instructed an employee to make adjusting journal entries in The Harbor Bar's books and records to match the fictitious expenses included on the tax returns. Those adjustments to the records were done to make it appear as though the fictitious expenses were for additional cash purchases not otherwise accounted for.

## Overt Acts

In furtherance of the conspiracy, and to affect the objects thereof, the following overt acts were committed in the District of South Dakota and elsewhere:

1.   For tax year 2004, Jerde and Engels included on The Harbor Bar's Form 1120S Corporate Return a false cost of goods sold entry of $115,104.

2.   For tax year 2005, Jerde and Engels included on The Harbor Bar's Form 1120S Corporate Return a false cost of goods sold entry of $115,004.

3.   For tax year 2006, Jerde and Engels included on The Harbor Bar's Form 1120S Corporate Return a false cost of goods sold entry of $85,700.

4.   For tax year 2004, Jerde created or caused to be created an adjusting journal entry in The Harbor Bar's books and records to match the fictitious expenses included on the tax returns.

5.   For tax year 2005, Jerde created or caused to be created an adjusting journal entry in The Harbor Bar's books and records to match the fictitious expenses included on the tax returns.

6. For tax year 2006, Jerde created or caused to be created an adjusting journal entry in The Harbor Bar's books and records to match the fictitious expenses included on the tax returns, all in violation of 18 U.S.C. § 371.

### COUNT 2.
### Engels
### Tax Evasion - 2004
### 26 U.S.C. § 7201

From approximately January 1, 2004, through and including approximately April 15, 2005, Defendant Timothy M. Engels, a resident of South Dakota, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for calendar year 2004.

During 2004, Engels had and received taxable income in the sum of approximately $152,378.48; that upon said taxable income there was due to the United States of America an income tax of approximately $32,623, and that well knowing and believing the foregoing facts, Engels, during the relevant time period, in the District of South Dakota, did willfully attempt to evade and defeat the income tax due and owing by him by failing to pay to the Internal Revenue Service said income tax, and by the following affirmative acts of evasion:

1. Engels knowingly omitted from his personal tax return income from his business, The Harbor Bar, of $131,399.48 during calendar year 2004. Because The Harbor Bar was organized as an S Corporation, and because Engels was a 100% shareholder in The Harbor Bar, all income passed to him.

2. Some of the unreported income from The Harbor Bar during calendar year 2004 included cash receipts received during pool and dart league nights in which The Harbor Bar had additional cash tills open. Engels skimmed receipts from those additional tills and did not report those tills to his accountant so they would not be included in the tax returns as income. Engels kept a second set of books at The Harbor Bar that recorded the bar's actual sales figures, including the skimmed tills. Those skimmed till receipts were also not included in The Harbor Bar's Form 1120S, U.S. Income Tax Return for an S Corporation, for calendar year 2004. Those unreported sales amounted to approximately $16,295.48 during 2004.

3. The remainder of the unreported income from The Harbor Bar during calendar year 2004 involved false cost of goods sold entries that Engels reported on The Harbor Bar's Form 1120S Corporate Return. That false entry for 2004 was $115,104. Because the income from The Harbor Bar passed directly to Engels, this false entry reduced by $115,104 the amount he claimed as income on his personal tax return.

4. Engels paid his then wife a cash salary for work she did at The Harbor Bar. They filed a joint tax return for 2004, and he failed to report those wages as joint income for calendar year 2004, despite paying her approximately $10,500. Engels handled the responsibility for communicating with their accountant and

reviewing the joint tax return for accuracy. Engels knowingly failed to disclose the $10,500 income to the accountant, all in violation of 26 U.S.C. § 7201.

## COUNT 3.
### Engels
### Tax Evasion - 2005
### 26 U.S.C. § 7201

From approximately January 1, 2005, through and including approximately April 17, 2006, Defendant Timothy M. Engels, a resident of South Dakota, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for calendar year 2005. During 2005, Engels had and received taxable income in the sum of approximately $211,212.95; that upon said taxable income there was due to the United States of America an income tax of approximately $51,127, and that well knowing and believing the foregoing facts, Engels, during the relevant time period, in the District of South Dakota, did willfully attempt to evade and defeat the income tax due and owing by him by failing to pay to the Internal Revenue Service said income tax, and by the following affirmative acts of evasion:

1. Engels knowingly omitted from his personal tax return income from his business, The Harbor Bar, of $140,094.95 during calendar year 2005. Because The Harbor Bar was organized as an S Corporation, and because Engels was a 100% shareholder in The Harbor Bar, all income passed to him.

2. Some of the unreported income from The Harbor Bar during calendar year 2005 included cash receipts received during pool and dart league nights in

which The Harbor Bar had additional cash tills open. Engels skimmed receipts from those additional tills and did not report those tills to his accountant so they would not be included in the tax returns as income. Engels kept a second set of books at The Harbor Bar that recorded the bar's actual sales figures, including the skimmed tills. Those skimmed till receipts were also not included in The Harbor Bar's Form 1120S, U.S. Income Tax Return for an S Corporation, for calendar year 2005. Those unreported sales amounted to approximately $25,091 during 2005.

   3.   The remainder of the unreported income from The Harbor Bar during calendar year 2005 involved false cost of goods sold entries that Engels reported on The Harbor Bar's Form 1120S Corporate Return. That false entry for 2005 was $115,004. Because the income from The Harbor Bar passed directly to Engels, this false entry reduced by $115,004 the amount he claimed as income on his personal tax return.

   4.   Engels paid his then wife a cash salary for work she did at The Harbor Bar. They filed a joint tax return for 2005, and he failed to report those wages as joint income for calendar year 2005, despite paying her approximately $26,000. Engels handled the responsibility for communicating with their accountant and reviewing the joint tax return for accuracy. Engels knowingly failed to disclose the $26,000 income to the accountant.

5.  Engels failed to report to his accountant the sale of video lottery machines during calendar year 2005. In approximately October 2005, he sold machines for approximately $28,000. Those machines were fully depreciated. Thus, this failure to report the sale amounted to another $28,000 in income he failed to report on his 2005 personal tax return, all in violation of 26 U.S.C. § 7201.

## COUNT 4.
### Engels
### Tax Evasion - 2006
### 26 U.S.C. § 7201

From approximately January 1, 2006, through and including approximately December 31, 2007, Defendant Timothy M. Engels, a resident of South Dakota, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for calendar year 2006. During 2006, Engels had and received taxable income in the sum of approximately $160,493.10; that upon said taxable income there was due to the United States of America an income tax of approximately $34,342, and that well knowing and believing the foregoing facts, Engels, during the relevant time period, in the District of South Dakota, did willfully attempt to evade and defeat the income tax due and owing by him by failing to pay to the Internal Revenue Service $33,891 of said income tax, and by the following affirmative acts of evasion:

1.  Engels knowingly omitted from his personal tax return income from his business, The Harbor Bar, of $112,504.10 during calendar year 2006.

Because The Harbor Bar was organized as an S Corporation, and because Engels was a 100% shareholder in The Harbor Bar, all income passed to him.

2.  Some of the unreported income from The Harbor Bar during calendar year 2006 included cash receipts received during pool and dart league nights in which The Harbor Bar had additional cash tills open. Engels skimmed receipts from those additional tills and did not report those tills to his accountant so they would not be included in the tax returns as income. Engels kept a second set of books at The Harbor Bar that recorded the bar's actual sales figures, including the skimmed tills. Those skimmed till receipts were also not included in The Harbor Bar's Form 1120S, U.S. Income Tax Return for an S Corporation, for calendar year 2006. Those unreported sales amounted to approximately $26,804 during 2006.

3.  The remainder of the unreported income from The Harbor Bar during calendar year 2006 involved false cost of goods sold entries that Engels reported on The Harbor Bar's Form 1120S Corporate Return. That false entry for 2006 was $85,700. Because the income from The Harbor Bar passed directly to Engels, this false entry reduced by $85,700 the amount he claimed as income on his personal tax return.

4.  Engels paid his then wife a cash salary for work she did at The Harbor Bar. They filed a joint tax return for 2006, and he failed to report those wages as joint income for calendar year 2006, despite paying her approximately $26,000. Engels handled the responsibility for communicating with their accountant and

reviewing the joint tax return for accuracy. Engels knowingly failed to disclose the $26,000 income to the accountant, all in violation of 26 U.S.C. § 7201.

## COUNT 5.
### Engels
### False Return - Personal Return 2004
### 26 U.S.C. § 7206(1)

On or about January 26, 2005, in the District of South Dakota, Defendant Timothy M. Engels, a resident of South Dakota, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for 2004, which was verified by a written declaration that it was made under the penalties of perjury, and which Timothy M. Engels did not believe to be true and correct as to every material matter. That Form 1040 U.S. Individual Income Tax Return for 2004, which was filed with the Internal Revenue Service, falsely stated, among other things:

1. That Engels received no taxable income during 2004;

2. That the ordinary income for 2004 listed on the Federal K-1 Reconciliation Worksheet for The Harbor Bar, Inc. was $48,783; and

3. That no income was received by Beth Engels during 2004,

whereas he then and there knew and believed that these statements and omissions were untrue, in violation of 26 U.S.C. § 7206(1).

### COUNT 6.
### Jerde
### False Return - Engels' Personal Return 2004
### 26 U.S.C. § 7206(2)

On or about January 21, 2005, in the District of South Dakota, Defendant Larry A. Jerde, a resident of South Dakota, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Timothy M. and Beth C. Engels for calendar year 2004. The return was false and fraudulent as to a material matter, in that it falsely stated, among other things:

1. That Timothy Engels received no taxable income during 2004; and

2. That the ordinary income for 2004 listed on the Federal K-1 Reconciliation Worksheet for The Harbor Bar, Inc. was $48,783,

whereas he then and there knew and believed that these statements and omissions were untrue, in violation of 26 U.S.C. § 7206(2).

### COUNT 7.
### Engels
### False Return - Corporate Return 2004
### 26 U.S.C. § 7206(1)

On or about January 26, 2005, in the District of South Dakota, Defendant Timothy M. Engels, a resident of South Dakota, did willfully make and subscribe a Form 1120S U.S. Income Tax Return for an S Corporation for 2004, which was verified by a written declaration that it was made under the penalties of perjury, and which Timothy M. Engels did not believe to be true and correct as to every

material matter. That Form 1120S U.S. Income Tax Return for an S Corporation for 2004, which was filed with the Internal Revenue Service, falsely stated, among other things:

1. That Harbor Bar, Inc. received gross receipts of $576,934 during 2004; and

2. That Harbor Bar, Inc. incurred cost of goods sold expenses of $302,807 during 2004,

whereas he then and there knew and believed that these statements and omissions were untrue, in violation of 26 U.S.C. § 7206(1).

### COUNT 8.
### Jerde
### False Return - Engels' Corporate Return 2004
### 26 U.S.C. § 7206(2)

On or about January 21, 2005, in the District of South Dakota, Defendant Larry A. Jerde, a resident of South Dakota, did willfully aid and assist in, and procure, counsel and advise the preparation and presentation to the Internal Revenue Service, of a Form 1120S U.S. Income Tax Return for an S Corporation for 2004, of Harbor Bar, Inc. for calendar year 2004. The return was false and fraudulent as to a material matter, in that it falsely stated, among other things, that Harbor Bar, Inc. incurred cost of goods sold expenses of $302,807 during 2004, whereas he then and there knew and believed that this statement was untrue, in violation of 26 U.S.C. § 7206(2).

## COUNT 9.
### Engels
### False Return - Personal Return 2005
### 26 U.S.C. § 7206(1)

On or about April 10, 2006, in the District of South Dakota, Defendant Timothy M. Engels, a resident of South Dakota, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for 2005, which was verified by a written declaration that it was made under the penalties of perjury, and which Timothy M. Engels did not believe to be true and correct as to every material matter. That Form 1040 U.S. Individual Income Tax Return for 2005, which was filed with the Internal Revenue Service, falsely stated, among other things:

1. That Engels received just $10,136 in taxable income during 2005;

2. That the ordinary income for 2005 listed on the Federal K-1 Reconciliation Worksheet for The Harbor Bar, Inc. was $9,729; and

3. That no income was received by Beth Engels during 2005,

whereas he then and there knew and believed that these statements and omissions were untrue, in violation of 26 U.S.C. § 7206(1).

## COUNT 10.
### Jerde
### False Return - Engels' Personal Return 2005
### 26 U.S.C. § 7206(2)

On or about March 16, 2006, in the District of South Dakota, Defendant Larry A. Jerde, a resident of South Dakota, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal

Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Timothy M. and Beth C. Engels for calendar year 2005. The return was false and fraudulent as to a material matter, in that it falsely stated, among other things:

1. That Timothy Engels received just $10,136 in taxable income during 2005; and

2. That the ordinary income for 2005 listed on the Federal K-1 Reconciliation Worksheet for The Harbor Bar, Inc. was $9,729,

whereas he then and there knew and believed that these statements and omissions were untrue, in violation of 26 U.S.C. § 7206(2).

## COUNT 11.
### Engels
### False Return - Corporate Return 2005
### 26 U.S.C. § 7206(1)

On or about February 8, 2006, in the District of South Dakota, Defendant Timothy M. Engels, a resident of South Dakota, did willfully make and subscribe a Form 1120S U.S. Income Tax Return for an S Corporation for 2005, which was verified by a written declaration that it was made under the penalties of perjury, and which Timothy M. Engels did not believe to be true and correct as to every material matter. That Form 1120S U.S. Income Tax Return for an S Corporation for 2005, which was filed with the Internal Revenue Service, falsely stated, among other things:

1. That Harbor Bar, Inc. received gross receipts of $516,583 during 2005; and

2.     That Harbor Bar, Inc. incurred cost of goods sold expenses of $276,364 during 2004,

whereas he then and there knew and believed that these statements and omissions were untrue, in violation of 26 U.S.C. § 7206(1).

### COUNT 12.
### Jerde
### False Return - Engels' Corporate Return 2005
### 26 U.S.C. § 7206(2)

On or about January 31, 2006, in the District of South Dakota, Defendant Larry A. Jerde, a resident of South Dakota, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a Form 1120S U.S. Income Tax Return for an S Corporation for 2005, of Harbor Bar, Inc. for calendar year 2005. The return was false and fraudulent as to a material matter, in that it falsely stated, among other things, that Harbor Bar, Inc. incurred cost of goods sold expenses of $276,364 during 2005, whereas he then and there knew and believed that this statements was untrue, in violation of 26 U.S.C. § 7206(2).

### COUNT 13.
### Engels
### False Return - Personal Return 2006
### 26 U.S.C. § 7206(1)

On or about December 4, 2007, in the District of South Dakota, Defendant Timothy M. Engels, a resident of South Dakota, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for 2006, which was verified by

a written declaration that it was made under the penalties of perjury, and which Timothy M. Engels did not believe to be true and correct as to every material matter. That Form 1040 U.S. Individual Income Tax Return for 2006, which was filed with the Internal Revenue Service, falsely stated, among other things:

1. That Engels received just $21,397 in taxable income during 2006;

2. That the ordinary income for 2006 listed on the Federal K-1 Reconciliation Worksheet for The Harbor Bar, Inc. was $25,067; and

3. That no income was received by Beth Engels during 2006,

whereas he then and there knew and believed that these statements and omissions were untrue, in violation of 26 U.S.C. § 7206(1).

## COUNT 14.
## Jerde
## False Return - Engels' Personal Return 2006
## 26 U.S.C. § 7206(2)

On or about December 4, 2007, in the District of South Dakota, Defendant Larry A. Jerde, a resident of South Dakota, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Timothy M. and Beth C. Engels for calendar year 2006. The return was false and fraudulent as to a material matter, in that it falsely stated, among other things:

1. That Timothy Engels received just $21,397 in taxable income during 2006; and

2. That the ordinary income for 2006 listed on the Federal K-1 Reconciliation Worksheet for The Harbor Bar, Inc. was $25,067,

whereas he then and there knew and believed that these statements and omissions were untrue, in violation of 26 U.S.C. § 7206(2).

### COUNT 15.
### Engels
### False Return - Corporate Return 2006
### 26 U.S.C. § 7206(1)

On or about April 13, 2007, in the District of South Dakota, Defendant Timothy M. Engels, a resident of South Dakota, did willfully make and subscribe a Form 1120S U.S. Income Tax Return for an S Corporation for 2006, which was verified by a written declaration that it was made under the penalties of perjury, and which Timothy M. Engels did not believe to be true and correct as to every material matter. That Form 1120S U.S. Income Tax Return for an S Corporation for 2006, which was filed with the Internal Revenue Service, falsely stated, among other things:

1. That Harbor Bar, Inc. received gross receipts of $518,655 during 2006; and

2. That Harbor Bar, Inc. incurred cost of goods sold expenses of $266,239 during 2006,

whereas he then and there knew and believed that these statements and omissions were untrue, in violation of 26 U.S.C. § 7206(1).

## COUNT 16.
### Jerde
### False Return - Engels' Corporate Return 2006
### 26 U.S.C. § 7206(2)

On or about April 6, 2007, in the District of South Dakota, Defendant Larry A. Jerde, a resident of South Dakota, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a Form 1120S U.S. Income Tax Return for an S Corporation for 2006, of Harbor Bar, Inc. for calendar year 2006. The return was false and fraudulent as to a material matter, in that it falsely stated, among other things, that Harbor Bar, Inc. incurred cost of goods sold expenses of $266,239 during 2006, whereas he then and there knew and believed that this statement was untrue, in violation of 26 U.S.C. § 7206(2).

## COUNTS 17-21.
### Engels
### Structuring Currency Transactions
### 31 U.S.C. § 5324(a)(3)

On or about the dates listed in the table below, in the District of South Dakota, Defendant Timothy M. Engels, knowingly and for the purpose of evading the reporting requirements of Title 31, section 5313(a), United States Code, and the regulations promulgated thereunder, structured, assisted in structuring, and attempted to assist in structuring transactions with a domestic financial institution. Namely, he knowingly split up cash deposits at First Premier Bank in Watertown, South Dakota, with the

purpose that splitting the deposits would evade statutory reporting requirements. He did so as stated in the following table, each count constituting a separate offense:

| COUNT | APPROXIMATE DATES | AMOUNT OF DEPOSITS |
|---|---|---|
| 17 | 7/18/2006 - 7/19/2006 | $9,000 on 7/18/2006; $9,000 on 7/19/2006 |
| 18 | 1/30/2007-2/1/2007 | $9,900 on 1/30/2007; $9,500 on 2/1/2007 |
| 19 | 4/12/2007 | $9,900 |
| 20 | 5/29/2007 | $100 in one deposit, $9,999 in another |
| 21 | 10/22/2007-10/23/2007 | $9,900 on 10/22/2007; $2,000 on 10/23/2007 |

in violation of 31 U.S.C. § 5324(a)(3).

A TRUE BILL:

_____
Foreperson

BRENDAN V. JOHNSON
United States Attorney

By: _____